# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1248 | **DATE** | 5/17/2001 |
| **CASE TITLE** | Francorp, Inc. Vs. Mark Siebert et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter Memorandum Opinion and Order. The five individual defendants move for attorneys' fees as prevailing parties respecting plaintiff's contract claims against them. Accordingly, they were not disloyal employees who violated contract terms. They are entitled to fees. It is at this juncture that the requirements of LR 54.3 kick in. The parties are directed now to follow the procedures required by that rule. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 2 1 2001 | 93 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | CM | |
| | Mail A 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING  01 MAY 18 AM 10:28 | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 2 1 2001

FRANCORP, INC.,

        Plaintiff,

vs.

No. 00 C 1248

MARK SIEBERT, MARK SIEBERT &
ASSOCIATES, INC., also doing business
as Siebert & Associates, Inc. and as The
iFranchise Group, Inc., TOMMY D.
PAYNE, DAN LEVY, LAURIE LUDES
and JUDY JANUSZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The five individual defendants move for attorneys' fees as prevailing parties respecting plaintiff's contract claims against them. On October 6, 2000, we held that plaintiff could not enforce noncompetition agreements against those defendants because of its material breach of its employment agreements with them, namely, a failure to pay them over extended periods their agreed compensation. Each Noncompetition Agreement provided as follows:

> The parties hereto agree that the prevailing party in any action in connection with this Agreement shall be entitled to recover from the non-prevailing party all reasonable costs and expenses (including attorneys' fees) incurred in connection with such action.

Defendants contend that they have prevailed and are therefore entitled to reasonable costs and fees.

Plaintiff argues that defendants sought to cancel their obligations under the contracts, and thus they sought to avoid the contracts for some purposes and seek now to enforce it for others. They are, asserts plaintiff, disloyal employees who violated contract terms and then

93

successfully argued that the contracts are no longer binding. If the contracts have been invalidated they have been invalidated for all purposes.[1]

We disagree. Plaintiff's contract claims were actions in connection with "this Agreement." Defendants prevailed. They had costs and fees in connection with those actions. They prevailed not because of any contention that there never had been any contracts or that they never had any contractual obligations. Rather, they prevailed because the contractual obligations had terminated because of plaintiff's material breach. Accordingly, they were not disloyal employees who violated contract terms. They are entitled to fees.

But what amount of fees? It is at this juncture that the requirements of LR 54.3 kick in. The parties are directed now to follow the procedures required by that rule.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 17, 2001.

---

[1] Plaintiff also asks for reconsideration of the summary judgments for defendants, which we deny, and point out that defendants have not followed LR 54.3, which we discuss *infra*.