# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1248 | **DATE** | 4/23/2002 |
| **CASE TITLE** | Francorp, Inc. Vs. Mark Siebert et al. | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for partial summary judgment as to counts II, III, and XIV is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | APR 24 2002 | date docketed | |
| ✓ | Docketing to mail notices. | | | | 158 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | cm | |
| | Copy to judge/magistrate judge. | | | docketing deputy initials | |
| WAH | courtroom deputy's initials | 02 APR 23 PM 2: 21 | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCORP, INC., | ) | |
| | ) | |
| Plaintiff | ) | **DOCKETED** |
| | ) | |
| vs. | ) No. 00 C 1248 | APR 2 4 2002 |
| | ) | |
| MARK SIEBERT, MARK SIEBERT & | ) | |
| ASSOCIATES, INC., also doing business | ) | |
| as Siebert & Associates, Inc. and as The | ) | |
| iFranchise Group, Inc., TOMMY D. | ) | |
| PAYNE, DAN LEVY, LAURIE LUDES | ) | |
| and JUDY JANUSZ, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Francorp, Inc.(Francorp) brings this action against Mark Siebert (Siebert),

Mark Siebert & Associates, Inc. (MSA), Tommy D. Payne, Dan Levy, Laurie Ludes and Judy

Janusz. Defendants Siebert and MSA (defendants) move for partial summary judgement on

counts II (Illinois Consumer Fraud Act), III (Illinois Deceptive Trade Practices Act) and XIV

(Lanham Act) of plaintiff's complaint. For the following reasons, defendants' motion is

granted.

<u>BACKGROUND</u>

The facts of this case have been laid out by this court in the various opinions that

precede this motion. *See* <u>Fancorp, Inc. v. Siebert</u>, 126 F.Supp. 543 (2000); 2000 WL 1741918

(2000); 2001 WL 1159224 (2001); 2001 WL 1448533 (2001); slip opinion 00 C 1248 (3/27/2002).

To summarize, Siebert was the president of Francorp. Francorp began experiencing problems

in 1997, and in 1998 Siebert left Francorp to form MSA. Since then, several other Francorp

officers and employees left the company and have worked with MSA in one capacity or another.

Relevant to this motion, MSA (which also does business as The iFranchise Group) established a website containing promotional materials for the company. Francorp claims that the content in MSA's website and promotional brochure constitute false advertising and unfair and deceptive business practices. We have already dismissed certain defendants from these unfair business claims since they were not sufficiently connected to the production of these materials to incur liability. *See* 2001 WL 1159224, (9/28/2001). We now address the substance of these claims and determine if the evidence presented provides enough of a foundation for the claims in counts II, III and XIV to go forward. [1]

## DISCUSSION

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We draw all inferences and view all admissible evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). This does not mean there must be no evidence supporting the non-moving party, but, rather, it is not enough to support a reasonable jury verdict. *Id* at 248.

### The Lanham Act Claim (Count XIV)

Francorp alleges that defendants' website and promotional materials contain false and misleading advertising in violation of 15 U.S.C. § 1125(a)(1)(A). To obtain relief under section

---

[1] We have already granted summary judgment for Siebert and MSA on count I of Francorp's complaint, which contested some of the same materials under a theory of copyright infringement. *See* 2001 WL 144533 (11/15/2001).

43(a) of the Lanham Act, a plaintiff must prove (1) that the defendant used a false designation of origin or false description or representation in connection with goods or services; (2) that such goods or services entered interstate commerce; and (3) that the plaintiff is a person who believes he is likely to be damaged as a result of the misrepresentation. 15 U.S.C. 1125(a); Kennedy v. National Juvenile Detention Association, 187 F.3d 690, 695 (7th Cir. 1999). The third element is satisfied when the plaintiff shows that there is a likelihood of consumer confusion as a result of the false representation. The Monotype Corp. v. Simon & Schuster, Inc., 2000 WL 1852907, *3 (N.D.Ill.) *citing* Web Printing Controls Co., Inc. v. Oxy-Dry Corp., 906 F.2d 1202, 1204 (7th Cir. 1990). Defendants argue that Francorp has failed to offer evidence to satisfy both the false designation of origin and the likelihood of confusion elements of this claim.

Generally, allegations of false designation of origin are either "passing-off"claims or "reverse passing-off" claims. Web Printing, 905 F.2d at 1203, n.1. Passing-off involves selling goods or services of one's own creation under someone else's name or mark. *Id.* In contrast, Francorp alleges a reverse passing-off claim, namely that defendants have removed Francorp's name from services created by Francorp and then advertised these services as their own. *See* Kennedy, 187 F.3d at 696 *citing* Smith v. Montoro, 648 F.2d 602 (9th Cir. 1981).

A reverse passing-off claim is based on the theory that the originator of a product is involuntarily deprived of the advertising value of its name and the goodwill that would come from the public knowing the true source of the satisfactory product. Goes Lithography Co. v. Banta Corp., 26 F.Supp.2d 1042, 1046 (N.D.Ill. 1998) *citing* Smith, 648 F.2d at 607. Courts have cast a wide net in determining what can be protected as a "product" in reverse passing-

off claims brought under the Lanham Act. *See e.g.* Gannett Satellite Information Network, Inc. v. Rock Valley Community Press, Inc., 1994 WL 606171, *4 (N.D.Ill. 1994) (quotes and portions of newspaper articles that were the original work of plaintiff reprinted under defendant's byline were appropriate subjects of a false designation of origin claim). At the same time, services or goods must be more than an idea to be protected, they must be a manifestation of that idea. Hoopla Sports and Entertainment, Inc. v. Nike Inc., et al., 947 F.Supp. 347, 352 (N.D.Ill. 1996). In Hoopla, plaintiff claims that defendants promoted a basketball game nearly identical to its tournament, but having identified a "good" or "service" within the scope of 43(a) it had only protection over a specific tournament, not any game that was based on the same idea.

As a threshold issue, then, we must determine if the materials identified by Francorp are protected by the Lanham Act. Francorp has noted various areas of MSA's materials that allegedly constitute false advertising and false designation of origin. The highlighted areas divide roughly into three categories of alleged wrongdoing: sections that misappropriated Francorp's business and experience; materials developed by Francorp falsely designated as MSA's products; and a false statement that the iFranchise Group is "the only franchise consulting firm in the world that offers a complete line of services for the established franchisor."

Francorp asserted that defendants misappropriated its experience when it published a client list under the heading "Companies We've Helped" and stated that "the iFranchise Group...[has] worked with many of the nation's most successful franchisors." The experience listed belongs to former Francorp employees who were associated with the iFranchise Group

at the time of the posting, and there is no dispute that the experience was gathered, and the listed clients were served, while the former employees were working at Francorp. The extent of that experience is in dispute.

While the list of clients on the website is titled "Companies We've Helped," the next line of the page, above the listing of clients, is "Members of the iFranchise Group have assisted companies of all sizes...including...." This makes clear that the clients listed were clients of the individual members of the iFranchise Group. Even assuming that some of the statements exaggerate the individual's experience and are not clear about when that experience was gathered, former employees' business experience and lists of clients with whom they worked are not goods and services as contemplated by this statute. As a result, they are not protected by section 43(a) of the Lanham Act.

Francorp also claims that defendants' website contains "features and ideas" developed at Francorp (Stmt of Add. Facts, ¶4). As noted above, ideas are not protected under the Lanham Act. The features of the website identified in Francorp's complaint consist mostly of headings, definitions, and general statements regarding franchising, which are allegedly misappropriated from Francorp's seminar brochure and promotional publications. [2] There

---

[2]While not entirely clear, it appears that the contested website materials are those which are laid out in Francorp's Complaint at ¶14:
(a) The headings from the section entitled "Franchising Defined..."
(b) The section entitled "The Next Step..."
(c) The section entitled "Is Your Business Franchisable..."
(d) The section entitled "Advantages of Franchising..."
(e) The section entitled "The Process of Franchising..."
(f) The section on "international Expansion Services..."
(g) The reference to experience in dealer conversion in the section entitled "Franchising as an Alternate Channel..."
(h) The "Franchise Audit Service..."
(i) The website's "acid test"....

are clearly similarities between the materials of the two companies. It is also undisputed that

Siebert was still at Francorp during the idea and development stage of Francorp's materials,

and it is more than likely that Siebert applied what he learned at Francorp in developing

MSA's website. However, goods or services created from an idea generated by a competing

company are not the same as a misappropriation of the other company's product. *See* Hoopla

Sports, *infra.* The disputed definitions, terms, and other identified materials come from the

general business of franchise consultation, and do not constitute a mislabeling of goods or

services unique to Francorp.[3]

We treat MSA's statement that it is "the only franchise consulting firm in the world

that offers a complete line of services for the established franchisor" separately, since this

statement does not fit under the umbrella of reverse passing-off claims. Rather, Francorp

alleges that this a false statement that will mislead potential clients because Francorp has been

offering the same services for over 25 years. We are unpersuaded by Francorp's argument.

The parties agree that they do not offer the exact same line of services, and that each offers

some services that are distinctive. Either company can claim that their services are the most

"complete" without violating the Lanham Act. Francorp has failed to show that it had a good

or service protected by the Lanham Act that was appropriated by the defendants, and

summary judgment is granted as to count XIV.

State Claims

Relying on the same factual allegations as those identified in the Lanham Act claim,

Francorp claims violations of the Illinois Consumer Fraud Act and the Uniform Deceptive

---

[3] For further discussion on idea versus product of idea, see our granting of summary judgment on the copyright claim in count I., 2001 WL 1448533, *4-5.

Practices Act.  The state claims are based on the same wrong alleged in the federal claim,

namely that the iFranchise group represented that it had sponsorship, approval, affiliation or

connections, which they do not have.  "Claims for unfair competition and deceptive business

practices brought under Illinois statutes are to be resolved according to the principles set forth

under the Lanham Act." Spex, Inc. v. Joy of Spex, Inc., 847 F.Supp 567, 578 (N.D.Ill. 1994)

*citing* Gimix Inc. v. JS & A Group, Inc., 699 F,2d 901, 908 (7th Cir. 1983).  Since we have

granted summary judgment on the Lanham Act claim, we grant summary judgment on the

state claims in counts II and III as well.

## CONCLUSION

For the above reasons, defendants' motion for partial summary judgment as to counts

II, III, and XIV is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

_____April 23____, 2002.